UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MARCO BOYKIN,

                       Petitioner,                16 CV 4185 (CM)

-against-                                          S11 10 CR 391-61 (CM)

UNITED STATES OF AMERICA,

                       Respondent.

------------------------------------------------------------x

DECISION AND ORDER DENYING MOTION TO RECONSIDER COURT'S FEBRUARY 18, 2020 DECSION DENYING PETITIONER'S MOTION FILED PURSUANT TO 28 U.S.C. § 2255

McMahon, J.:

On February 18, 2020, the Court denied defendant's motion to set aside his conviction and sentence on Count Twenty-Five (a § 924(c) firearms offense), in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and its progeny, most particularly, *United States v. Davis*, 139 S. Ct. 2319 (2019).[1]

Defendant has filed a document with the Court titled: "Petition to Vacate, Set Aside, or Correct Sentence in Light of the June 28, 2021 Decision Rendered in United States v. Corey Heyward Docket No. 19-1054-cr as Newly Intervening Change of Law. 28 U.S.C. 2255." In *Heyward*, the Second Circuit held that Heyward's conviction for possessing or aiding or abetting possession of firearm during furtherance of racketeering conspiracy (which is no longer a crime of violence for 924(c) firearms offenses) or narcotics conspiracy (a qualifying drug-trafficking offense for 924(c) firearms offenses) did not necessarily rest upon either a categorical crime of violence or a qualifying drug-trafficking offense. The Court reasoned that there was no way of knowing which of

---

[1] The readers familiarity with Court's February 18, 2020 decision is presumed.

1

the alleged predicates the jury found because the jury was not asked to specify which conspiracy supported the conviction, and the bulk of firearms evidence was tied to gang violence that could reasonably be separated from any narcotics activity, and jury instructions indicated that jury likely understood racketeering conspiracy to be crime of violence, not drug-trafficking crime.

Boykin, by contrast, pleaded guilty and admitted to committing the alleged predicate offenses for the firearms charge in Count Twenty-Five. The Indictment predicated Count Twenty-Five on the conspiracy to murder Lamont Young (charged in the indictment as Count Three) and on **the actual murder of Lamont young** (charged in the indictment as Count Four). Boykin specifically admitted during his guilty plea proceeding to committing the Lamont Young murder—a crime of violence under § 924(c)(3)(A). Accordingly, *Heyward* provides no basis for the Court to alter its decision denying Boykin's § 2255 motion.

Boykin's motion for reconsideration is denied.

The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997). Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from an order denying Boykin's motion would not be taken in good faith. *See Feliz v. United States*, No. 01-cv-5544, 2002 WL 1964347, at *7 (S.D.N.Y. Aug. 22, 2002).

This constitutes the decision and order of the Court.

Dated: January 18, 2022

_____
District Court Judge